UNITED STATES of America,
Appellee,

v.

Emy David OKAGBUE–OJEKWE, also known as David Ojekwe, also known as David Nnaemeka Okagbue, also known as Harris Emeka Davis, also known as Harris Nnaemeka Davis, Defendant–Appellant.

Docket No. 00–1737.

United States Court of Appeals,
Second Circuit.

May 15, 2002.

Solomon Rosengarten, Brooklyn, NY, for Appellant.

Noah B. Perlman, Ass't U.S. Att'y, EDNY, Brooklyn, NY, for Appellee.

Present FEINBERG, KEARSE and PARKER, Circuit Judges.

## SUMMARY ORDER

This cause came on to be heard on the record from the United States District Court for the Eastern District of New York, and was argued by counsel.

ON CONSIDERATION WHEREOF, it is now hereby ordered, adjudged, and decreed that the judgment of said District Court be and it hereby is affirmed.

Defendant Emy David Okagbue–Ojekwe ("Okagbue") appeals from a judgment entered in the United States District Court for the Eastern District of New York following a jury trial before John Gleeson, *Judge,* convicting him on five counts of mail fraud, in violation of 18 U.S.C. § 1341, in connection with his scheme to collect approximately $4,700,000 on five insurance policies on the life of "Harris Davis," his nonexistent twin brother; Okagbue was sentenced under the Sentencing Guidelines (1998) ("Guidelines") principally to 87 months' imprisonment, to be followed by a three-year term of supervised release. On appeal, he contends that the district court erred (1) in increasing his Guidelines offense level for obstruction of justice without making specific findings as to why it concluded that his trial testimony was false or material, (2) in increasing his offense level on the ground that a substantial part of his fraud was committed from outside the United States, without support for that finding, and (3) in departing upward in criminal history category on the ground that his criminal record underrepresented his likelihood of recidivism. Finding no merit in Okagbue's contentions, we affirm.

Guidelines § 3C1.1 requires a two-step increase in offense level if "the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice during the course of the investigation, prosecution, or sentencing of the instant offense of conviction

...." Guidelines § 3C1.1. This enhancement applies to "committing ... perjury," *id.* Application Note 4(b), which includes giving "false testimony concerning a material matter with the willful intent to provide false testimony, rather than as a result of confusion, mistake, or faulty memory," *United States v. Dunnigan*, 507 U.S. 87, 94, 113 S.Ct. 1111, 122 L.Ed.2d 445 (1993); *see also United States v. Hernandez*, 83 F.3d 582, 585 (2d Cir.1996) (to apply this adjustment, court must find that the defendant acted with the purpose of obstructing justice). A finding that the defendant "g[a]ve[ ] false testimony concerning a material matter with the willful intent to provide false testimony, rather than as a result of confusion, mistake or faulty memory" is sufficient to support an increase for obstruction of justice. *See United States v. Dunnigan*, 507 U.S. at 95.

■ In concluding that Okagbue committed perjury in his trial testimony, the court found that he "lied about whether he had a twin brother" and "about a custom in his culture" to explain why Okagbue himself had used the name "Harris Davis." (Sentencing Transcript ("S.Tr.") at 7.) The court found that Okagbue's testimony "was ... patently false" and that "[i]t was patent he lied with the intent of obstructing justice, with the intent of procuring with his false statement a verdict of acquittal." (*Id.*) There was ample proof at trial to support the court's findings that Okagbue's testimony was false. The record included evidence that Okagbue frequently identified himself as "Harris Davis" by, for example, renting a car in that name, carrying a driver's license in that name, and taking an insurance physical examination in that name; that Okagbue received mail under that name, as well as his own name, at the home of an acquaintance; that Okagbue asked another acquaintance to state

that she knew "Harris Davis," should anyone ask her, and to state that she had dated "Harris Davis"; that Okagbue had told his wife he had two brothers, named Peter Ojekwe and Phillip Ojekwe, but he had never mentioned "Harris Davis" nor mentioned having a twin; and that a Maryland State Trooper in 1990 had taken the fingerprints of someone named "Harris Davis," which were the fingerprints of Okagbue. The government presented evidence that even identical twins do not have the same fingerprints. We see no inadequacy or error in the court's finding that Okagbue's testimony that he had a twin brother was false. And given that the mail fraud charges against Okagbue were based on his attempt to collect insurance for the death of his nonexistent twin brother, it is indisputable that Okagbue's testimony that his supposed twin existed was material, for, as the district court found, if believed, that testimony would have procured his acquittal.

■ Nor is there any merit in Okagbue's contention that there was inadequate evidentiary support for the increase in his offense level on the ground that "a substantial part of [his] fraudulent scheme was committed from outside the United States," Guidelines § 2F1.1(b)(5)(B) (1998). Okagbue himself testified that the papers he sent to the insurance companies in support of his claims for "Harris Davis's" death included a Nigerian Police report and death and cause-of-death certificates from the National Population Commission of the Federal Republic of Nigeria, all of which Okagbue said had been sent from Nigeria.

■ Finally, we reject Okagbue's challenge to the court's upward departure in criminal history category. Such a departure is authorized "[i]f reliable information indicates that the [applicable] criminal history category does not adequately reflect

the seriousness of the defendant's past criminal conduct or the likelihood that the defendant will commit other crimes ...." Guidelines § 4A1.3 (Policy Statement). In making this determination the court may consider "prior similar adult criminal conduct not resulting in a criminal conviction." *Id.* § 4A1.3(e). The prior conduct need not have been of an identical type, so long as it was similar. *See, e.g., United States v. Mayo,* 14 F.3d 128, 131 (2d Cir.1994). Where the court has explained its decision and we have a sufficient basis on which to review the departure and to determine that it was not arbitrary, the court need not have followed a mechanistic, step-by-step procedure in determining the extent of such a departure. *See United States v. Franklyn,* 157 F.3d 90, 100 (2d Cir.), *cert. denied,* 525 U.S. 1027, 119 S.Ct. 563, 142 L.Ed.2d 469 (1998).

Okagbue's contentions that the district court gave no indication as to the factual basis for its criminal history category departure in his case, and that there was no such basis, are meritless. The district court expressly cited its "review of [Okagbue's] Presentence Report" describing similar frauds by Okagbue, and stated that his fraudulent activity was of such "scope[,] ... frequency," and "density," and "of so many different varieties," that the court found it "almost inconceivable" that Okagbue would not commit additional crimes. (S.Tr. 14.) Among those other frauds were a successful lost-wages insurance scheme; a death-benefit insurance scheme in which Okagbue filed claims against five commercial or financial companies; a no-fault insurance scheme in which Okagbue submitted more than a dozen claims with respect to staged hit-and-run accidents; and at least 19 fraudulent claims submitted to airlines for lost baggage. Although Okagbue's counsel stated at oral argument of this appeal that Okagbue disputed the presentence report's reci-

tation of those other frauds, counsel acknowledged that there was no request in the district court for a *Fatico* hearing. We also note that Okagbue's brief on appeal makes no argument that there was such a dispute or that the court erred by not holding a hearing. Any challenge to the accuracy of the presentence report descriptions relied on by the district court has been waived. Given this record, we see no error, arbitrariness, or abuse of discretion in the court's decision to depart.

We have considered all of Okagbue's contentions on this appeal and have found them to be without merit. The judgment of the district court is affirmed.